MARK THOMPSON, CHERYL IMUS, RACHELLE IMUS, JASON JENSEN GREGORY Blackwe

Guadalupe Garden, Columbus Park SAN JOSE

SAN JOSE, GENeral DELIVERY, SAN JOSE CA 95113-9999

Your Name: _____

Address: _____

Phone Number: 650-787-7916

Fax Number: _____

E-mail Address: RAH94067@gmail.com

Pro Se Plaintiff MARKT315@gmail.com

FILED

NOV 16 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SAN JOSE OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK THOMPSON, Jeffrey Papa Echivaran
Cheryl Imus, Rachelle Imus
Jason Imus, John Ortiz, Sara Hare

Plaintiff,

vs.

City of SAN JOSE
SANDRA Murillo
VaNessa Barretta
Officer Saqueda, DOES 1-10

Defendant.

Case Number _[leave blank]_  C 22 07186

JSC

**COMPLAINT** FOR INJUNCTIVE Relief to Stop Destruction of Motor Homes, survival gear

DEMAND FOR JURY TRIAL

Yes ☐ No ☑

VIOLATIONS 42 USC 1983
4th, 5th, 14th AMENDMENT

**PARTIES**

1.  Plaintiff. [_Write your name, address, and phone number. Add a page for additional plaintiffs._]

Name: Mark Thompson

Address: SAN JOSE General Delivery

Telephone: SAN JOSE CA 95113-9999

MARKT315@gmail.com

COMPLAINT

PAGE ___ OF ___ _[JDC TEMPLATE – Rev. 05/2017]_

PLAINTIFFS

2 Jeffrey PAPA EChivarov
SAN Jose GeNeral Delivery
669-307-5273
JPEChivaria533 @gmail.com

3. CHeryL IMus
Guadalupe Gardens, Columbus Park   SAN Jose
544-973-3870   -650-787-7916
imuscheryL9 @gmail.com
RAH94062 @gmail.com

4. JOHN ORTiZ
SAN Jose ceneral DeLiveRy

-

5. Rachelle IMus
Guadalupe Garden, columbus Park , SAN Jose
RAH94062 @gmail.Com
650-787-7916.

6 JASON IMus
Guadalupe Garden, columbus Park SAN JOSe
RAH94062 @gmail.com

7 SARa Hope
   TBD

-2-

2. Defendants. [*Write each defendant's full name, address, and phone number.*]

Defendant 1:

Name:   City of SAN JOSE

Address:   200 E SANta Clara Street, 16Th Floor, SAN Jose CA 95113

Telephone:   408 535 1480

Defendant 2:

Name:   VANessA Barreyra

Address:   200 E SANta clara Street, 16th floor, SAN Jose CA 95113

Telephone:

Defendant 3:

Name:   OFFicer SaulezA, Badge #

Address:   200 E SANta clara Street, 16th Floor SAN Jose CA 95113

Telephone:

Defendant 3:   SANDRA MURILLO

Name:   200 E SANTa clara Street, 16th floor SAN Jose CA 95113

Address:

Olympia Washington

COMPLAINT

PAGE ___ OF ___ [*JDC TEMPLATE – Rev. 05/2017*]

- 2 -

2. Defendants. [*Write each defendant's full name, address, and phone number.*]

Defendant 1:

Name: DOES 1-10

Address: N/A

Telephone:

Defendant 2:

Name:

Address:

Telephone:

Defendant 3:

Name:

Address:

Telephone:

## JURISDICTION

[*Usually only two types of cases can be filed in federal court, cases involving "federal questions" and cases involving "diversity of citizenship." Check at least one box.*]

3. My case belongs in federal court

☑ under <u>federal question jurisdiction</u> because it is involves a federal law or right.

[*Which federal law or right is involved?*] _____

_____.

☐ under <u>diversity jurisdiction</u> because none of the plaintiffs live in the same state as any of the defendants <u>and</u> the amount of damages is more than $75,000.

COMPLAINT
PAGE ___ OF ___ [*JDC TEMPLATE – Rev. 05/2017*]

-3-

# VENUE

[*The counties in this District are: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo, or Sonoma. If one of the venue options below applies to your case, this District Court is the correct place to file your lawsuit. Check the box for each venue option that applies.*]

4.  Venue is appropriate in this Court because:

☑ a substantial part of the events I am suing about happened in this district.

☐ a substantial part of the property I am suing about is located in this district.

☐ I am suing the U.S. government, federal agency, or federal official in his or her official capacity <u>and</u> I live in this district.

☐ at least one defendant is located in this District and any other defendants are located in California.

# INTRADISTRICT ASSIGNMENT

[*This District has three divisions: (1) San Francisco/Oakland (2) San Jose; and (3) Eureka. First write in the county in which the events you are suing about happened, and then match it to the correct division. The San Francisco/Oakland division covers Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo, and Sonoma counties. The San Jose division covers Monterey, San Benito, Santa Clara, Santa Cruz counties. The Eureka division covers Del Norte, Humboldt, Lake, Mendocino counties, only if all parties consent to a magistrate judge.*]

5.  Because this lawsuit arose in ___SAN JOSE___ County, it should be assigned to the ___SAN JOSE___ Division of this Court.

# STATEMENT OF FACTS

[*Write a short and simple description of the facts of your case. Include basic details such as <u>where</u> the events happened, <u>when</u> things happened and <u>who</u> was involved. Put each fact into a separate, numbered paragraph, starting with paragraph number 6. Use more pages as needed.*]

6.  SANDRA Murillo, Community Programs ADministrator aNd VANESSA BeRRetta, The SenioR DeveLopment DiRector for the City of SAN JOSe has been diRecting SAN Jose employees under her diRect CoNtrol 90 seize aN destroy Plaintiffs pRopeRty, RVs, vehicles, clothes food withoat Notice of due PRocess of Lawi

COMPLAINT

PAGE ___ OF ___  [*JDC TEMPLATE – Rev. 05/2017*]

-4-

7. IN LATe Ocober, without Notice She Ambushed Plaintiff Mark Thompson aNd had his property, - everything, - tent, food sleeping bad, They did Not Store aNY BeloNgings [See DeClaratioN Mark ThompsoN]

8. ON November 14 VaNessa Beretta iNFormed Cheryl Imus that She would be Seizing ONe of Her vehicles without compensation or RevokiNg ONe of Parking Permits. [See decla CHeryl Has No way to save her vehicle

9. ON November 10, officer SAuleda Posted Notices all aroUND the ENcampmeNt INCludiNg ON Plaintiffs Vehicles. where we Live

10. NOW at ANYTime, based ON the hapHazard INconsistent Of VaNessa Beretta and SANDRA Murrillo Plaintiffs Could have their Property seize at aNY moment aNd Lose shelter, food, survival gear that could result iN Serious iNjury or death, under their DirectioN officer SAuleda.

11. Plaintiff Mark Thomas has Lost everything to DefeNDANTS AND NOW LiveS in the trailer of John oRtiz.

//

//

COMPLAINT

PAGE ___ OF ___ *[JDC TEMPLATE – Rev. 05/2017]*

Plaintiffs JohN ORtiZ is Now afraid His trailer will be seized if he is unable to Move it. [see EXHIBIT

Plaintiffs Cheryl Imus, Rachelle Imus, and JaSoN JeNseN aRe Residing IN Three vehicles — aND VANeSSA Belettar informed Cheryl Imus she inteNDs to seize aND Destroy atLeast one vehicle. They t

PLAintiff Jeffrey Papa Echivaria Has ReceiVed AN oRANge tag for abatement oN November 10th. His Motortlome has steeRing Problems AND He is worried it will be destroyed before He is able to Move it.

SARA OTHers Like SARA Hope are iN Similar Straights Because everyone Received AbatemeNt Notices At the CAMP at GuadaLaPe GaRDeNS aRouND the Cross Street SPring street aND walNut. everyone who is unable to Move their vehicle is Liable to Have their Home Demolished Just Like Mark ThompSon, Experienced MR. Echiavria, aND MRs. Imus Have already experieNced.

## FIRST CAUSE OF ACTION

**Fourteenth Amendment Substantive Due Process**

"Substantive due process 'forbids the government from depriving a person of life, liberty, or property in such a way that "shocks the conscience" or "interferes with the rights implicit in the concept of ordered liberty."'" *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (quoting *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998)); see also *Brittain v. Hansen*, 451 F.3d 982, 990-91 (9th Cir. 2006). "Substantive due process is ordinarily reserved for those rights that are 'fundamental.'" Id. at 990 (quoting *Washington v. Glucksberg*, 521 U.S. 702, 721-22 (1997)). Plaintiffs Rein corporate Past paragraphs as if fully set forth win

BY Seizing and destroying plaintiffs Homes, tents, sleeping BAGS, tools, vehicles ALL DeFeNDANTS Have violated Plaintiffs Due Process Rights.

DEFENDANTS never stored Plaintiffs property inspite official Policies of storage AND wantonly destroyed and continues to threaten wanton Destruction.

DEFENDANTS will continue to seize and destroy Plaintiffs property if Not Restrained by This court.

**Fourth Amendment Search and Seizure**

In *Soldal v. Cook County*, Illinois, 506 U.S. 56, 67 (1992), the Supreme Court explained that the Fourth Amendment protects plaintiffs' property rights in civil cases. As relevant here, the Court also held that seizing the plaintiff's mobile home and carrying it away to a new location constituted a "seizure" within the meaning and protections of the Fourth Amendment, even if no invasion of privacy had occurred. Id. at 61-64; see also id. at 66 ("[A] seizure of [an] article . . . would obviously invade the owner's possessory interest." (quoting *Horton v. California*, 496 U.S. 128, 134 (1990)). The Court explained that "the right against unreasonable seizures would be no less transgressed if the seizure of the house was undertaken to collect evidence, verify compliance with a housing regulation, effect an eviction by the police, or on a whim, for no reason at all." Id. at 69.

Where a possessory interest is protected by the Fourth Amendment, "[t]he mere fact that a state has authorized a search or seizure does not render it reasonable under the Fourth Amendment." *Sandoval v. County of Sonoma*, 72 F. Supp. 3d 997, 1007 (N.D. Cal. 2014), aff'd, 912 F.3d 509 (9th Cir. 2018), and aff'd, 912 F.3d 509 (9th Cir. 2018) (first citing *Sibron v. New York*, 392 U.S. 40, 61 (1968); then citing *Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005)); cf. *Conner v. City of Santa Ana*, 897 F.2d 1487, 1493 (9th Cir. 1990)

Plaintiffs reincorporate as if fally set forthwith

ALL DEFENDANTS ARe Searching and seizing Plaintiffs property whithout warrants to do so or Probable cause.

ALL Defendants PLAN to seize more Per the Nov 10th Notece Posted by officer Sanveda; even if Plaintiffs try their Hardest to move

**Fifth Amendment Taking Clause**

"A property owner has an actionable Fifth Amendment takings claim when the government takes his property without paying for it." *Knick v. Township of Scott*, Pa., 139 S. Ct. 2162, 2167 (2019). "The government commits a physical taking when . . . the government physically takes possession of property without acquiring title to it." *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063, 2071 (2021) (citing *United States v. Pewee Coal Co.*, 341 U.S. 114, 115- 17 (1951) (plurality)). This "sort[] of physical appropriation constitute[s] the 'clearest sort of taking,' and we assess [it] using a simple, per se rule: The government must pay for what it takes." Id. (first quoting *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001), then citing *TahoeSierra Pres. Council, Inc. v. Tahoe Regional Plan. Agency*, 535 U.S. 302, 322 (2002)).

Additionally, "[i]ndividuals must receive notice and an opportunity to be heard before the Government deprives them of property." Gremmels v. FDA, No. 21-CV-06102-JSC, 2021 WL 7448539, at *2 (N.D. Cal. Oct. 5, 2021), report and recommendation adopted, No. 21-CV-06102-VC, 2021 WL 7448546 (N.D. Cal. Nov. 4, 2021) (quoting United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993)).

All Defendants seized, destroyed or are planning to destroy plaintiff property without just compensation,

The November 10th notice by officer Sauceda will be implemented and Plaintiffs who cant move will have their Motor Homes demolished, without an opportunity for a hearing, any compensation, or imminent domain proceeding

**Fourteenth Amendment Due Process State Created Danger**

1. To state a substantive due process claim based on the state-created danger doctrine, a plaintiff must establish: (1) "the officers' affirmative actions created or exposed h[im] to actual, particularized danger that []he would not otherwise have faced"; (2) "the injury was foreseeable"; and (3) "the officers were deliberately indifferent to the known danger." *Martinez v. City of Clovis*, 943 F.3d 1260, 1271 (9th Cir. 2019). The third element, deliberate indifference, requires "proof that a municipal actor disregarded a known or obvious consequence of his action" which is "a stringent standard of fault." Id. at 1274 (quoting Patel v. Kent Sch. Dist., 648 F.3d 965, 974 (9th Cir. 2011)). "[I]t requires a 'culpable mental state.'" Id. (quoting Patel, 648 F.3d at 974)

2. ALL DEFENDANTS violated the state created by seizing and destroying or planning to destroy plaintiff survival necessities late autumn when temperatures are very cold.

3. DEFENDANTS know plaintiffs need their trailers sleeping bags, food etcetera to survive

3. The danger was obvious, AND defendants did not provide alternative survival gear or shelter

4. defendants acted with deliberate indifference by NOT lessening dangers

- 7 -

## DEMAND FOR RELIEF

*[State what you want the Court to do. Depending on your claims, you may ask the Court to award you money or order the defendant to do something or stop doing something. If you are asking for money, you can say how much you are asking for and why you should get that amount, or describe the different kinds of harm caused by the defendant.]*

PLAintiffs SeeF the CohRTS Aid To compel the city of SAN Jose to follow its owN Procedures for property Storage AND Notice, AND that the court ENToin DEFENDANTS from Demolishing their Motor Homes AND the most Shocking violations of LAW

## DEMAND FOR JURY TRIAL

*[Check this box if you want your case to be decided by a jury, instead of a judge, if allowed.]*

[ ] Plaintiff demands a jury trial on all issues.

Respectfully submitted, [See SIGNATURE PAg]

Date: _____    Sign Name: _____

Print Name: _____

COMPLAINT
PAGE ___ OF ___ *[JDC TEMPLATE – 05/17]*

# SiGNATURE
# PAGE

We the UNDersiqNed submit the COMPLAiNT, MOTiON for TRO and PI, AND MotioN for the hearing to proceed via zooM

1. Jane Hone, Nov. 15, 2022

2. J.P. Echivaria ⨯ 11/15/2022
   (Jeffrey Papa)

3. NAMe Mark A. Thompson 11/15/2022
   SiGNAture Mark Thompson

4. JOHN ORTIZ 11/15/22

5. Joseph Jensen 11/15/22

6. Cherye Imus 11/15/22

7. Rachelle Imus 11/15/22

8. Gregory Eugene Blackwell 11/16/2022

EXHIBIT
A

# WARNING

## THIS VEHICLE MAY BE IN VIOLATION OF THE LAW AND SUBJECT TO REMOVAL AT THE OWNER'S EXPENSE

This vehicle may be in violation of one or more of the following:

☐   A vehicle may not be parked on a public street for more than 72 hours (3 days) without moving (San José Municipal Code 11.36.220). The vehicle may be cited and towed under California Vehicle Code section 22651(k) **WITHOUT FURTHER NOTICE.**

☐   A vehicle may not be parked in violation of posted rules including being parked for more than 72 hours (3 days) within City owned or operated facilities (California Vehicle Code 21113(a)). The vehicle may be cited and towed under California Vehicle Code section 22669(a) and/or 22651(n) **WITHOUT FURTHER NOTICE.**

☐   A vehicle may not be abandoned on a public street or other public property (California Vehicle Code section 22523). A vehicle parked and/or left on a public street or public property that is inoperable or is deemed a hazard is considered abandoned and may be removed **IMMEDIATELY.**

☐   Vehicles may not be driven or parked on a highway, public land, or an off-street parking facility without current registration (California Vehicle Code section 4000a). Vehicles found with a registration expiration date older than six months, and parked or driven on the highway, public land, or an off-street parking facility are subject to **IMMEDIATE** removal under California Vehicle Code Section 22651(o).

**Note: Placement of this warning notice is a courtesy and not required under the California Vehicle Code.  The absence or removal of the warning does not invalidate any enforcement action (citation or tow.)**

### VEHICLE ABATEMENT PROGRAM FREQUENTLY ASKED QUESTIONS

1.  **What does this orange warning notice mean?**
    The City of San José received a complaint that the vehicle is being stored or has been abandoned on a public street.  We investigate every complaint.  As a first step in investigating a vehicle, we place a warning notice on it.  We will follow up after 72 hours (three days).  If the evidence confirms that the vehicle is in fact being stored for more than 72 hours (three days) or is abandoned, it may be ticketed and/or towed.

2.  **Do I need to respond to this warning notice?**
    No – you DO NOT need to call, write, or email the City in response to the warning.  However, please make sure the vehicle has current registration, is driven every 72 hours (three days), and is in drivable condition.

3.  **How long can a vehicle be parked on the public street?**
    A vehicle cannot be parked on the public street for more than 72 hours (three days) without moving (San José Municipal Code 11.36.220).

4.  **Can I park my car on the public street if the vehicle registration is expired?**
    No, vehicles may not be parked on the public street with an expired registration.  The vehicle may be ticketed or towed.

5.  **How do I make sure my vehicle will not be towed?**
    If you're going to park on a public street, make sure the vehicle doesn't violate any posted parking rules, has current registration on file with the DMV, is in drivable condition, and is driven every 72 hours (three days).

6.  **Will the City always provide a warning notice before towing a vehicle?**
    No, the orange warning notice is not required by law and is placed on vehicles as a courtesy.

7.  **My car was towed, what do I do?**
    Contact the San José Police Department's Vehicle Records Unit at 408-277-4156 and be prepared to provide your vehicle license plate number.

For more information contact the City of San José  (408) 535-3500 or www.sanjoseca.gov

---

**CITY OF SAN JOSE**
**CAPITAL OF SILICON VALLEY**
200-27A (09/18)

Date / Time of Warning: 11/10/22    1319

Officer: SAUCEDA

Vehicle License #: N/A

Badge #: 4999

☐ Department of Transportation
☑ Police Department

# ADVERTENCIA

## ESTE VEHÍCULO PUEDE ESTAR EN VIOLACIÓN DE LA LEY Y SUJETO A LA REMOCIÓN A CARGO DEL PROPIETARIO

Este vehículo puede estar en violación de uno o más de los siguientes:

☐ Un vehículo no puede estacionarse en una calle pública por más de 72 horas (3 días) sin moverse (Código Municipal de San José 11.36.220). El vehículo puede ser citado y remolcado bajo la sección 22651(k) del Código de Vehículos de California **SIN MÁS AVISO**.

☐ No se puede estacionar un vehículo en violación de las normas publicadas, incluido el estacionamiento durante más de 72 horas (3 días) dentro de las instalaciones de propiedad u operadas por la Ciudad (Código de Vehículos de California 21113(a)). El vehículo puede ser citado y remolcado bajo la sección 22669(a) y/o 22651(n) del Código de Vehículos de California **SIN MÁS AVISO**.

☐ Un vehículo no puede ser abandonado en una calle pública u otra propiedad pública (Código de Vehículos de California sección 22523). Un vehículo estacionado y/o dejado en una calle pública o propiedad pública que no funciona o que se considera un peligro se considera abandonado y puede ser removido **INMEDIATAMENTE**.

☐ Los vehículos no pueden ser conducidos o estacionados en una carretera, terreno público o una instalación de estacionamiento fuera de la calle sin registro actual (Código de Vehículos de California, sección 4000a). Los vehículos que se encuentren con una fecha de vencimiento superior a los seis meses, estacionados o conducidos en la carretera, terrenos públicos o un estacionamiento fuera de la vía pública están sujetos a la remoción **INMEDIATA** bajo la Sección 22651(o) del Código de Vehículos de California.

Para obtener más información, comuníquese con la Ciudad de San José (408) 535-3500 o www.sanjoseca.gov

---

# CẢNH BÁO

## CHIẾC XE NÀY CÓ THỂ ĐÃ PHẠM LUẬT VÀ PHẢI BỊ KÉO ĐI MÀ CHỦ XE PHẢI CHỊU MỌI CHI PHÍ

Chiếc xe này có thể đã phạm một hoặc nhiều điều luật sau đây:

☐ Xe không được đậu yên một chỗ trên đường phố quá 72 giờ (3 ngày) mà không dời đi nơi khác (Bộ Luật Đô Thị San José 11.36.220). Chiếc xe có thể bị gắn giấy đòi hầu tòa và kéo đi chiếu theo Bộ Luật Xe Cộ California phần 22651(k) **MÀ KHÔNG CẦN PHẢI THÔNG BÁO THÊM**.

☐ Chiếc xe không được đậu tại chỗ có vi phạm đến các luật hành chính và quy tắc đăng bao gồm đậu quá 72 giờ (3 ngày) trong phạm vi các cơ sở của hoặc được điều hành bởi Thành Phố (Bộ Luật Xe Cộ California 21113 (a)). Chiếc xe có thể bị gắn giấy đòi hầu tòa và kéo đi chiếu theo Bộ Luật Xe Cộ California phần 22669(a) **MÀ KHÔNG CẦN PHẢI THÔNG BÁO THÊM**.

☐ Không được bỏ phế xe trên đường phố công cộng hoặc tài sản công cộng khác (Bộ Luật Xe Cộ California 22523). Xe đậu và/hoặc bị bỏ lại trên đường phố công cộng hoặc tài sản công cộng mà bị hư không chạy được hoặc cho là mối nguy được coi là bỏ phế và có thể bị kéo đi **NGAY LẬP TỨC**.

☐ Không được lái những chiếc xe hoặc đậu trên xa lộ, vùng đất công cộng, hoặc các chỗ đậu xe ngoài đường mà không có giấy đăng bộ hiện hành (Bộ Luật Xe Cộ California phần 4000a). Những chiếc xe có ngày đăng ký đã hết hạn quá sáu tháng, và được đậu hoặc lái trên xa lộ, vùng đất công cộng, hoặc chỗ đậu xe ngoài đường phố phải bị kéo đi **NGAY LẬP TỨC** chiếu theo Bộ Luật Xe Cộ California phần 22651(o).

Để biết thêm thông tin xin liên lạc với Thành Phố San José tại số (408) 535-3500 hoặc là www.sanjoseca.gov